UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

BOBBY MOORE                                                                                               PLAINTIFF

V.                                          CASE NO. 3:17-CV-197-BD

SOCIAL SECURITY ADMINISTRATION                                              DEFENDANT

**ORDER**

I. **Procedural History:**

On November 10, 2014, Bobby Moore applied for disability benefits, alleging disability beginning on August 29, 2013. (Tr. at 19) Mr. Moore's claims were denied initially and upon reconsideration. *Id*. After conducting a hearing, the Administrative Law Judge ("ALJ") denied Mr. Moore's application. (Tr. at 31) Mr. Moore requested that the Appeals Council review the ALJ's decision, but that request was denied. (Tr. at 1) Therefore, the ALJ's decision now stands as the final decision of the Commissioner. Mr. Moore filed this case seeking judicial review of the decision denying him benefits.[1]

II. **The Commissioner's Decision:**

The ALJ found that Mr. Moore had not engaged in substantial gainful activity since the onset of his alleged disability, August 29, 2013. (Tr. at 21) At step two of the five-step analysis, the ALJ found that Mr. Moore had the following severe impairments:

---

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

1

neuropathy, left hip avascular necrosis, right knee osteonecrosis, moderate obesity, and depression. (Tr. at 20)

After finding that Mr. Moore's impairments did not meet or equal a listed impairment (Tr. at 20), the ALJ determined that Mr. Moore had the residual functional capacity ("RFC") to perform the full range of work at the light exertional level, with some limitations. He could not climb ladders, ropes, or scaffolds, and could only occasionally climb ramps or stairs, or stoop, kneel, crouch, or crawl. (Tr. at 22) He could have no exposure to unprotected heights, and could no more than frequently handle and finger. *Id*. He would be limited to unskilled work where the supervision required is simple, direct, and concrete and the tasks are simple, routine, and repetitive. *Id*. His profile required jobs at the SVP 1 or 2 level that could be learned in 30 days. *Id*. He would need the option to sit or stand at will. *Id*.

The ALJ found that Mr. Moore was unable to perform any of his past relevant work. (Tr. at 27) At step five, however, the ALJ relied on the testimony of a Vocational Expert ("VE") to find that, based on Mr. Moore's age, education, work experience and RFC, he was capable of performing work in the national economy as cashier II or storage facility rental clerk. (Tr. at 28) The ALJ determined, therefore, that Mr. Moore was not disabled. *Id.*

**III. Discussion:**

   A.  Standard of Review

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009)(citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. The Court cannot reverse the decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

   B.  Mr. Moore's Arguments on Appeal

In this appeal, Mr. Moore contends that the ALJ's decision to deny benefits is not supported by substantial evidence. He argues that the RFC was incorrect because he could not perform work at the light level, even with the postural limitations included by the ALJ. He further asserts that complications from obesity called for a finding of disability.

Mr. Moore's argument focuses on arm, hip, knee, and shoulder problems. A nerve conduction study in December 2010 revealed mild carpal tunnel syndrome and mild sensory polyneuropathy in his extremities. (Tr. at 412) An x-ray of Mr. Moore's knee in

May 2011 showed mild narrowing in the lateral compartment but no other bony abnormalities. (Tr. at 396-397) Left hip x-rays showed no acute abnormalities. *Id.* A lack of clinical findings may support an ALJ's decision to deny benefits. *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001). In May 2011, Mr. Moore was diagnosed with left iliotibial band syndrome. (Tr. at 349-351)

After being diagnosed with avascular necrosis in his hip, Mr. Moore underwent left hip core decompression in October 2011. (Tr. at 292-293) He reported feeling better later that month. (Tr. a 338-339) Improvement in strength and diminished pain supports an ALJ's finding that a claimant is not disabled. *See Lochner v. Sullivan*, 968, F.2d 725, 728 (8th Cir. 1992). Mr. Moore's surgeon opined that Mr. Moore could bear weight as tolerated since he had no increase in pain. (Tr. at 332-333)

A left knee x-ray in October 2013 showed some arthritic changes but no fractures. (Tr. at 392) In January 2014, Mr. Moore complained of shoulder tenderness and exhibited reduced range of motion. (Tr. at 310-312) An injection and rest improved his condition. (Tr. at 307-309) Mr. Moore declined a shoulder MRI. *Id.*

John Harris, M.D., performed a consultative physical examination on April 7, 2015. (Tr. at 436-439) Mr. Moore told Dr. Harris he was independent in activities of daily living. *Id.* Indeed, Mr. Moore reported that he could attend to personal needs, do laundry, make simple meals, and shop online. (Tr. at 49, 221-223) Such daily activities

4

undermine claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995); *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003).

Dr. Harris noted that Mr. Moore denied pain in his low back, knee, shoulder, and neck. (Tr. at 437) Dr. Harris found no structural deformity of tenderness in any joint, but did note a slightly restricted range of motion in the left hip. *Id*. Mr. Moore had a normal gait and walked without an assistive device. *Id*. Mr. Moore was able to arise from a squatting position, could stand on tiptoes and heels, and tandem walked without problems. *Id.* Normal examination findings are not indicative of disabling pain. *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001). Mr. Moore's grip strength was 5/5 with the ability to grasp objects bilaterally. (Tr. at 437) X-rays of the left hip and left knee were unremarkable. (Tr. at 438)

Contrary to these normal clinical results, Dr. Harris limited Mr. Moore to sedentary work, which calls his opinion into question. *See Guilliams v. Barnhart*, 393 F.3d 798, 803 (8th Cir. 2005)("physician opinions that are internally inconsistent . . . are entitled to less deference than they would receive in the absence of inconsistencies.") State agency nonexamining doctors presented RFC opinions more in line with the medical evidence, finding that Mr. Moore was capable of light work with postural limitations. (Tr. at 98-112)

An MRI of Mr. Moore's right shoulder in June 2015 showed mild bursitis with no rotator cuff tear. (Tr. at 452-453) Objective tests showing mild-to-moderate conditions do

not support a finding of disability. *Masterson v. Barnhart*, 363 F.3d 731, 738-39 (8th Cir. 2004). Mr. Moore's orthopedist opted to treat him conservatively with anti-inflammatories. (Tr. at 457-460) The need for only conservative treatment contradicts allegations of disabling pain. *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993).

Mr. Moore's knee was better by September 2015, and his doctor told him to bear weight as tolerated. (Tr. at 455-456) In January 2016, Mr. Moore demonstrated full range of motion in his knees, with no swelling or effusion. (Tr. at 472-473) Mr. Moore said Celebrex helped with pain. *Id*. Impairments that are controllable or amenable to treatment do not support a finding of total disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000).

Mr. Moore argues that the RFC for light work with postural limitations exceeded his functional capacity. A claimant's RFC represents the most he can do despite the combined effects of all of his credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining a claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996).

The record here does not reflect disabling limitations: Dr. Harris's physical exam yielded grossly normal results; objective testing revealed mild conditions; and treatment

was conservative. Mr. Moore improved over time and was able to engage in activities of daily living. The RFC the ALJ assigned to Mr. Moore was not error based on the record as a whole.

Mr. Moore argues that his obesity complicated his other problems and provided further evidence of disability. He did not list obesity as an impairment on his application (Tr. at 203), however, an omission that undermines this claim. *See Partee v. Astrue*, 638 F.3d 860, 864 (8th Cir. 2011)(in affirming ALJ's finding of no mental impairment, the court noted that claimant did not allege mental impairment on the application for benefits). His ability to walk without an assistive device and to perform typical activities of daily living further detracts from this claim.

An ALJ must evaluate the record evidence as a whole to determine whether obesity contributes to disability. SSR 02-1p. The ALJ did so here, and there was no error in the conclusion that Mr. Moore's combined impairments were not disabling for purposes of the Social Security Act.

## IV. <u>Conclusion</u>:

There is substantial evidence to support the decision to deny benefits, and there was no legal error. The RFC adequately incorporated all of Mr. Moore's limitations, and obesity did not create a disabling condition. The finding that Mr. Moore was not disabled within the meaning of the Social Security Act, therefore, must be, and hereby is, affirmed. The case is dismissed, with prejudice.

SO ORDERED, this 23rd day of May, 2018.

                                                      _____
                                                    UNITED STATES MAGISTRATE JUDGE